(8 App. Div. 323; 17 Misc. Rep. 457.)

### PEOPLE ex rel. TURNER v. PLIMLEY.

(Supreme Court, Special Term, New York County. June, 1896.)

CONSTITUTIONAL LAW—JURORS.

Code Civ. Proc. § 1080, making persons residing in New York City from October to June liable to jury duty, though such persons are assessed and vote without the county, is constitutional, even as applied to a voter of another state.

Application by Thornton Floyd Turner for a writ of mandamus to compel William Plimley, commissioner of jurors, to strike relator's name from the jury list. Denied.

Herbert B. Turner, for relator.

Francis M. Scott, Corp. Counsel (Thomas E. Rush, of counsel), for respondent.

BEEKMAN, J. Section 1079 of the Code of Civil Procedure prescribes the qualifications of trial jurors in the city and county of New York. Among these is the requirement that such a juror must be a male citizen of the United States, and a resident of that city and county. Section 1080 provides that:

"A person dwelling or lodging in the city and county of New York for the greater part of the time between the 1st day of October and the 30th day of June next thereafter is a resident of that city and county for the jury year within the meaning of the last section, and it is not necessary that he should have been assessed or should have voted there."

This has been the law in this state for 26 years, the first provision on the subject being found in chapter 539 of the Laws of 1870, entitled "An act in relation to jurors in the city and county of New York." The reason for the enactment is a matter of common knowledge. For many years it had been the practice of a large number of persons who were residents in fact of this city to acquire a legal domicile in other parts of the state, and in other states, usually at their places of summer abode, which, while technically good, still in no respect changed their practical relations to this community. Their business continued to be conducted here, their social pleas-

ures and attachments were still sought and maintained here, and their actual residence continued here, except during the summer months, when considerations of health and recreation, rather than political attachment, led to a short sojourn at the legal domicile. This was done for the purpose of escaping taxation and jury service in this county. Provision has been made by statute intended to foil the attempt to avoid taxation by this expedient, although perhaps with indifferent success, and it was with the same deterrent purpose in respect to attempts to evade jury service that section 1080 of the Code was enacted. The relator concededly comes within the letter of this section. He resides in this city during the period therein mentioned, and conducts his business, which is that of an architect, here. He spends the summer months at Englewood, in the state of New Jersey, and votes in that state. It is fair to him to say that he was born in the state of New Jersey, and apparently has always treated that state as his legal domicile. Having been placed by the commissioner of jurors upon the list of those qualified as trial jurors within this city, he now applies to this court for a mandamus to compel the commissioner to strike his name therefrom, on the ground that he is not a citizen of this state, and that for this reason the legislature is without power to compel him to serve in that capacity here. His counsel has furnished the court with a very able and erudite argument reviewing the history of trial by jury, for the purpose of establishing his contention that at common law only those who were of the vicinage could be impaneled as trial jurors, and that this means that such persons must be citizens of the state and residents of the county in which they are called upon to act.

I think we may eliminate from discussion the idea that a citizen of the United States resident in one state is in any sense whatsoever an alien or foreigner in respect to citizens of other states. Citizenship of the United States carries with it such constitutional guaranties that what is now known as "citizenship of a state" is acquired by mere residence, at the volition of the individual. No additional naturalization is required, nor is any oath of allegiance necessary, so that a change of citizenship from one state to another is merely a change of domicile. Now, there is nothing in the constitution of the United States which prohibits a state from treating those who are within its borders, although legally domiciled elsewhere, in the same manner as its own citizens. Section 2 of article 4 provides that citizens of each state shall be entitled to all of the privileges and immunities of citizens in the several states; and by the fourteenth amendment, as it is called, all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are declared to be citizens of the United States and of the state wherein they reside, and a positive inhibition is laid upon each state against making or enforcing any law which shall abridge the privileges or immunities of citizens of the United States. While the protection of person and property, and the right to pursue any legal calling, are thus secured to each citizen of the United States, as a matter of right, in every state of the Union, on a footing of

full equality with the citizens of such state, I see no reason why a state in which such person may have a substantial, although not a domiciliary, residence may not exact from him the performance of some of those political duties which rest upon those who are legally domiciled there.    It certainly is not unreasonable for the state to expect some return for the protection which it affords.    The argument against this, on the ground that the state is compelled by the constitution of the United States to afford such protection, and therefore does not render it as a voluntary act, for which it is entitled to expect a proper consideration, is not entitled to much if any weight.    The United States constitution assumes only to forbid discrimination by a state against nonresidents, leaving the latter substantially, in all other respects, to the full exercise of its sovereign power.    I think, therefore, there is no constitutional objection in the way of the enactment and enforcement of the section of the Code under examination, in its application to persons in the same situation as the relator.    If he has an actual, concrete residence within the county for a sufficient length of time to give it a substantial character, I see no reason why he may not be considered as of the vicinage, within the meaning of that term as applied to a juror at common law; and it seems to me to be quite within the power of the legislature to determine that a substantial, actual residence within the county, for a period of time which it may fix, shall constitute a residence qualifying such person for the performance of jury duty.    The only case which I have been able to find that may be considered as at all in point is one which was decided in the supreme court of the District of Columbia.    U. S. v. Nardello, 4 Mackey, 503.    In that case the right of a juror to sit in a criminal case was challenged.    It appeared that his home was in the state of Virginia, where his parents lived, and that he voted there. For many years he had been in the habit of spending his annual vacation at his home, but during the rest of the year he actually resided at Washington, where he was in business as agent for a Virginia corporation, and he had no intention of leaving his employment in that city.    It also appeared that whenever he had been out of employment he returned to his home in Virginia.    The court overruled the objection, holding that upon those facts he was to be considered as a resident of the District of Columbia, and was therefore eligible to serve as a juror therein, under an act of congress prescribing the qualifications of a trial juror to be citizenship of the United States, and residence within the District.    A remark of Judge Merrick in delivering the opinion in this case is worthy of repetition:

"It will not do to say that one shall have of a community all that he can get within the community, and, on the other hand, shall not return to the community some corresponding obligation of citizenship."

I am therefore of the opinion that the commissioner of jurors acted within his power, in placing the relator upon the jury list, and that the motion should therefore be denied.

Motion denied.